Gregory A. FRANKLIN, Petitioner–Appellant,

v.

Bill LOCKYER, Attorney General; et al., Respondents–Appellees.

No. 02–55716.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2003.[*]

Decided Aug. 19, 2003.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SCHROEDER, Chief Judge, HAWKINS, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Gregory A. Franklin, a California state prisoner, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition challenging his Three–Strikes sentence for failing to register as a sex offender with eight prior serious or violent felonies. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

---

** This disposition is not appropriate for publication and may not be cited to or by the

Franklin contends that the procedural rule invoked by the California appellate court is inadequate to bar federal habeas review of his Eighth Amendment claim, because the rule is not firmly established and regularly followed. We disagree. *See e.g. People v. Scott,* 9 Cal.4th 331, 353, 36 Cal.Rptr.2d 627, 885 P.2d 1040 (1994) (setting forth that "the waiver doctrine should apply to claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices"); *People v. Kelley,* 52 Cal.App.4th 568, 583, 60 Cal. Rptr.2d 653 (1997). The California Supreme Court recently applied the waiver doctrine to an Eighth Amendment claim. *People v. Burgener,* 29 Cal.4th 833, 886, 129 Cal.Rptr.2d 747, 62 P.3d 1 (2003). Franklin makes no argument concerning cause and prejudice, and the record does not support the conclusion that some objective factor external to the defense impeded efforts to comply with the state procedural rule. *See Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Nor would failure to reach the merits of the claim result in a fundamental miscarriage of justice. *See id.* at 495–96 (holding that petitioner must show a "constitutional violation has probably resulted in conviction of one who is actually innocent").

**AFFIRMED.**

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.